UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| | |
|---|---|
| **In Re:** | : |
| **Wesley Matthew Kunkel** | : Chapter 13 |
| | : Case No. **1:23-bk-01205-HWV** |
| | : |
| **Debtor** | : 11 U.S.C. §362(d) and §1301 |
| | : |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust | : |
| Movant | : |
| v. | : |
| Wesley Matthew Kunkel | : |
| | : Hearing: February 6, 2024 at 9:30 a.m. |
| Debtor | : |
| and | : |
| Jack N. Zaharopoulos, Esquire Trustee | : |
| Respondents | : |

**MOTION OF US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY AS TO CERTAIN REALTY KNOWN AS 2225 COPENHAFFER RD., DOVER, PA 17315**

1. I, _Virginia Underwood_, am a _Bankruptcy Case Manager_ for NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (hereinafter "Movant") have full knowledge of the above-captioned matter and I am fully qualified and authorized to make the following Certification in support of the within relief application on behalf of the Movant. This certification is based on the loan payment records of NewRez LLC d/b/a Shellpoint Mortgage Servicing as

servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust.  These records are regularly maintained in the regular course of business and it is the regular practice to make and maintain these records.  These records reflect the loan payments are noted in the records at the time of receipt by persons who regular duties include recording this information.  I maintain these records and regularly use and rely upon them in the performance of my duties.

2. Movant is US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust (hereinafter "Movant"), and is the proper party in interest.

3. US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust reserves the right to foreclose.

4. On July 25, 2008, Wesley M. Kunkel executed a note, and on July 25, 2008 Wesley M. Kunkel (Debtor) and Kathy Ann Kunkel (non-filing co-mortgagor) executed a first-lien Mortgage against the property known as 2225 Copenhaffer Rd., Dover, PA 17315 (hereinafter "Subject Property"), in which Debtor is the title holder. (Please see Note, Mortgage, Loan Modification and Assignments of Mortgage attached hereto and incorporated herein as Exhibit A.)

5. Said mortgage was assigned to the Movant on May 4, 2022, and said assignment of mortgage was recorded with York County Recorder of Deeds on May 12, 2022, and is a matter of public record. (Please see Exhibit A.)

6. Debtors' Chapter 13 petition was filed on May 31, 2023.

7. There has been a material default on the part of the Debtor for failing to make post-petition payments to Movant. The Debtor's confirmed Chapter 13 Plan provides for the Debtor to cure arrears through the plan and to make post-petition payments directly to Movant.

8. The pre-petition arrears as listed in Movant's claim are $22,449.72.

9. Since the filing of the bankruptcy case, the Debtor should have made seven (7) payments of $868.15 each to Movant for June 1, 2023 through December 1, 2023.

10. The Debtor has made 4 post-petition payments.

11. The post-petition arrears are $2,290.46, which represents three (3) payments of $868.15 each due October 1, 2023 through December 1, 2023, less $323.99 in suspense.

12. As of 12/11/2023, the unpaid principal balance is $100,025.41.

13. Movant filed claim #1 holding a total secured claim in the amount of $164,310.12.

14. The Debtor valued the property at $165,150.00 per Schedule D as follows:

**Part 1: List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|
| 2.1 US Bank Trust NA c/o NewRez LLC 75 Beattie Place Ste 300 Greenville, SC 29601 Who owes the debt? Debtor 1 only | Describe the property that secures the claim: 2225 Copenhaffer Rd Dover, PA 17315-1839 As of the date you file, the claim is: ☐ Contingent ☐ Unliquidated ☐ Disputed Nature of lien. ☑ An agreement you made (such as mortgage or secured car loan) | $148,588.88 | $165,150.00 | $0.00 |

Case 1:23-bk-01205-HWV    Doc 27    Filed 01/09/24    Entered 01/09/24 16:08:47    Desc
Main Document    Page 3 of 5

15. Pursuant to the foregoing, Movant is entitled to relief from the automatic stay and co-debtor stay because of the foregoing default and because:

    (a) Adequate protection of the interest of Movant is lacking; and/or

    (b) The debtor has no equity in the Subject Property.

    (c) The debtor is in default under the terms of the loan documents. Accordingly, Movant is entitled to relief from the automatic stay under 11 U.S.C. §362(d)(1) and/or (2) and co-debtor stay §1301.

16. Movant has cause for termination of the Automatic Stay and co-debtor stay.

17. In addition, reasonable attorney fees and court filing costs will be incurred for representation in this matter.

18. Movant has cause to have relief from the Automatic Stay and Co-Debtor Stay effective immediately and such relief should not be subject to the fourteen day period set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen day period.

19. New Rez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for "Movant". In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. Movant is the beneficiary or the assignee of the Deed of Trust.

20. In the event this Court should grant the relief requested, Movant should be relieved of the filing and notice requirements of FRBP 3002.1(b & c) as the mortgage claim would then be under the control of the Mortgagor.

21. The other Respondent is the Chapter 13 Trustee appointed in the above-captioned chapter 13 proceeding.

WHEREFORE, Movant respectfully requests that the Court enter an Order which grants it relief from the Automatic Stay, along with all other relief the Court deems just and equitable under the circumstances.

I certify under penalty of perjury that the foregoing is true and correct.

1/2/24
Date

*[Signature]*
Signature